## HALLIDAY, Admr v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12903.   Decided Feb 6, 1933

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, for defendant in error.

LIEGHLEY, J.

The single issue is squarely submitted to us,—whether the Court of Common Pleas had jurisdiction to adopt said rules either from statutory authorization, or by virtue of its implied powers, or are the same null and void for lack thereof?

The attention of the courts have been frequently challenged to the subject of demands for and waivers of a trial by jury. Attention is called to a few of the cases discussing various phases of this subject. A line of demarcation has been established between trials of persons accused of crime before a justice of the peace, and trials of the accused before or in a court of record.

Waiver of a trial by jury must affirmatively appear in the transcript before a justice of the peace. By the wording of the statute, this waiver is necessary to confer jurisdiction on the magistrate to try the cause, and for that reason indispensably essential. **Simmons v State, 75 Oh St 346.**

Former §13451 GC, which section conferred jurisdiction upon the Probate Court to try certain criminal cases, provided:

"If the defendant does not demand trial by jury, the Probate Court shall try the cause."

Years ago, it was decided that if the record in such case fails to show a demand for a jury, and was silent on the subject, a jury will be deemed to have been waived. **Dailey v State, 4 Oh St, 57.**

The record of a trial of an accused before the police court of Cincinnati was silent on the subject of waiver or demand of a jury, and it was decided that the defendant will be deemed to have waived a jury by reason thereof. **Billigheimer v State, 32 Oh St 435.**

A review of a record of the police court of Toledo, which was silent on the subject of demand or waiver of a jury, resulted in a like holding. **Evans v State, 3 C.C. (N.S.) 23.**

It may be accepted as definitely settled

that in a case of an accused being prosecuted for a misdemeanor in a court of record, upon which court jurisdiction has been conferred by statute to try the cause, unless the accused shall demand a jury upon the record, or if the record is silent whether the accused demanded or expressly waived, he will be deemed to have waived same. **Hoffman v State, 98 Oh St 137.**

In the last above case cited, it will be noted that the defendant was tried and convicted in the Municipal Court of Cleveland, Ohio, charged with the crime of driving a motor vehicle while intoxicated. The record was silent in respect to a demand or waiver of a jury. The Supreme Court held that silence implied waiver. It was urged that §4577 GC, provided that in police court, 'cases shall be tried by a jury, unless waived,' and therefore controlled. But attention was expressly called to the provisions of §1579-24 GC, of the Cleveland Municipal Court Act, that it is provided that the accused shall be 'tried by the court unless a jury is demanded.' It was further stated that the requirement that the accused demand his right, is not a restriction, limitation or violation of his right of trial by jury. But it should be distinctly and at all times kept in mind that the legislature has, by express statutory provision, conferred upon this Municipal Court the right to try an accused unless a jury is demanded.

This distinction is expressly emphasized by the Supreme Court of Ohio in the Simmons case, supra, at page 353, in the following language:

"This conclusion is not in conflict with **Dailey v State, 4 Oh St 57,** or **Billigheimer v State, 32 Oh St 435.** Both of these cases having been prosecuted under statutes which conferred upon the court jurisdiction to try the complaint, if the defendant did not **demand** a jury trial, are clearly distinguishable from the case at bar."

This subject-matter recently received consideration at the hands of the Supreme Court of Ohio in the case of **The Harry Goldberg Co. v Emmerman, 125 Oh St 238,** tried in the Municipal Court of Cleveland. The defendant demanded a jury orally at the opening of the trial, which was denied. He claimed that this was a violation of **Article I, §5 of the Constitution.** The court calls attention to the language now contained in §1579-24 GC:

"All causes shall be tried by the court, unless jury is demanded." * * * "The time for making a demand for a jury trial in civil cases may be fixed and limited by rule of court."

In the last case above cited, it appears that a rule was adopted to the effect that a demand must be made some time prior to the trial, and that this rule was made pursuant to the statute. The statute authorized a rule providing how long before trial a demand for a jury should be made. With this authorization by statute, and with a statute conferring jurisdiction to adopt same, it was held that the rule merely regulated the method of making a demand in the interest of economy and orderly procedure.

In a criminal case decided by this court in 1921, reviewing a judgment from the Municipal Court of Cleveland, in which the defendant demanded a jury on the eve of the trial on the merits, and was refused, this court held that the defendant had a right to make such demand then, and that there was no implied waiver if the demand was made at any time before the court proceeded to inquire into the merits of the case. §1579-24 GC, then read as it does now. **Trattner v State of Ohio, 14 Oh Ap 157.**

It might be helpful to copy in exact words the relevant portion of §1579-24 GC:

Sec 1579-24 GC.—All causes in the Municipal Court, both civil and criminal, shall be tried by the court unless a jury trial be demanded by a party entitled to the same. The time for making a demand for a jury trial in civil cases may be fixed and limited by rule of court. In all criminal cases, in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived and the cause shall be tried by the court. In all civil actions, where a jury is demanded, it shall be composed of six lawful electors, unless the parties agree to a less number. Provided, however, that any party may demand a jury of twelve electors. In all actions and proceedings of which police courts have or may be given jurisdiction, where a jury may be and is demanded, it shall be composed of twelve lawful electors."

This section clearly and expressly confers jurisdiction upon the court to try civil and criminal cases, and directs that the

court **shall** do so, unless a jury be demanded; to regulate by rule the time for making a demand for a jury in civil cases; to try an accused, unless, before the trial proceeds upon the merits, a jury is demanded, and unless demanded, a jury is deemed to have been waived; to try a civil action to a jury of six or less, and the opportunity is extended to either party to demand a jury of twelve.

Attention is called to these decisions for the obvious reason that they disclose a uniform holding that the statutes, and the particular language of the respective statutes conferring jurisdiction, measures what may and may not be done by either party concerned and the consequences of what either does or fails to do. The statutory grant of power controls.

Now, let us refer to the jurisdiction of the Common Pleas Court in these respects, and ascertain whether or not the court has jurisdiction to try a money only case unless a jury be demanded, and whether or not the court has the power by statute to adopt rules regulating the time for making a demand for a jury, and whether or not such a case may be tried to a jury of six without the express consent of the parties to the cause.

**Article 4, §4 of the Constitution of Ohio,** provides:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law."

**Sec 1558, GC,** 3rd paragraph reads:

"The judges of said Common Pleas Court shall meet at least once in each month, and at such other times as the Chief Justice may require, and shall prescribe rules regulating the docketing and hearing of causes, motion and demurrers and such other matters as are necessary for the advancement of justice and prevention of delay, and for the government of the officers of the court, not inconsistent with general laws."

The plaintiff contends that no power to adopt rules regulating the time for making a demand for a jury is comprehended within the language last above quoted, and no power to compel an unwilling litigant to submit his cause to a jury of six for want of a demand for twelve. The defendant contends that such power is thereby conferred, and if not so conferred, the implied power of the court to regulate its own procedure comprehends the right and power to make these rules.

**Sec 11379 GC** directs how a "money only" case shall be tried. It commands that a "money only" case shall be tried by a jury unless the same be waived. It is in the following language:

"How issues tried.—Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided."

**Sec 11469 GC,** provides how a jury may be waived. It enumerates three methods whereby a party to an action for money only, as the case at bar is, may waive a jury. Two methods prescribed seem to indicate that the waiver shall be made in open court when the case is called for trial. The other indicates that the same may be done in writing prior to the trial by the affirmative act and election of a party thereto. If a party elects not to invoke either method, then certainly §11379 GC, controls, and no court rule can be enacted to side-track its control unless by virtue of proper statutory authority therefor. The section follows:

"**Sec 11469 GC.** How Jury Trial Waived: In actions arising on contract the trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:

1. By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;

2. By written consent, in person, or by attorney, filed with the clerk;

3. By oral consent in open court entered on the journal."

The foregoing quoted statutes, so far as we are able to ascertain, furnish all of the statutory authority for the exercise of rule-making power of the Common Pleas Court. It may be noted that there is no provision conferring jurisdiction upon the court to try this cause unless a jury be demanded. Nor is there any authority granted for making rules regulating the time for making demand for a jury, as there is in the Municipal Court Act of Cleveland. Nor is there any authority for the trial of a jury case by a jury of six, with the option and election extended to

a party desiring a jury of twelve to demand the same.

The only term used in the constitution and the statutes is the word "jury." Citation of authorities is unnecessary to establish that at common law, by the constitution and by the statutes of the state, "a jury" means a jury of twelve.

Finding no statutory authority for the adoption of rules regulating the time for demanding a jury, or for trial of this case by a jury of six, we should look to the implied powers of the court to see if there is included therein the right to enact or adopt such rules. These adopted rules are prefaced and introduced by six "whereas" clauses dealing with the subjects of expediency and economy to justify their adoption. Regulatory rules, although grounded upon these worthy considerations, cannot be sustained when in conflict with general laws. Nor will these considerations mollify or serve to remove the conflict.

The Supreme Court of Ohio has spoken in an opinion upon this subject, in the case of **State ex v LeBlond, 108 Oh St 126,** at page 135, as follows:

"* * * We are of opinion, however, that courts have the inherent right to formulate rules for their government, so long as such rules are reasonable and not in conflict with general laws. The right to make rules must be held to come within the implied powers of courts of justice. The Legislature has never prescribed in minute detail all of the procedure necessary in conducting courts of justice in an orderly manner, and many things must necessarily be left to the sound discretion of the court, and it is, of course, desirable that as far as possible those details be carried out in an orderly manner and according to a published rule."

The Supreme Court recognized the right of the trial court to formulate rules for the government of the court, so long as the same are reasonable and not in conflict with the general laws. In the present situation, however, we have a statute commanding how a "money only" case shall be tried. We have another statute which provides how a jury may be waived. These rules undertake to provide a regulation of time for demanding a jury in clear conflict with the express mandates of the legislature. These rules disregard and ignore the requirements of these statutes.

The plaintiff, under the statute, clearly had a right to a trial by a jury. He had a right to a trial by a jury of twelve, unless he elected to waive, and not a jury of six except with his express consent. He clearly had a right to wait until a point of time next preceding the beginning of the trial on the merits, to exercise the right to waive under these statutes. The rules seem to proceed upon the theory that this is, and was not a right to a jury, but a privilege to have one only upon the affirmative act of a demand on the part of the plaintiff. This position is contrary to the general statutes of the state appertaining thereto.

Some years ago the Legislature passed §11466 GC, now repealed, to the effect that in Hamilton and Cuyahoga Counties, the Common Pleas Court may try all questions of law and fact arising in civil cases in such courts, and that a jury shall be deemed waived unless a jury trial be demanded in writing five days before the beginning of the term. This section was held unconstitutional by reason of lack of uniform operation. **Silberman v Hay, 59 Oh St 582.**

The Court of Common Pleas of Cuyahoga County is undertaking, by regulatory rule, to establish in this county a procedure and practice of local concern and operation, which the legislature of Ohio could not legally do. In view of this statute and decision, it is doubtful if the legislature has constitutional authority to empower the Court of Common Pleas of Cuyahoga County to do by rule what it has attempted to do, unless by an act of uniform operation.

**Sec 11420-1 GC,** formerly §11447 GC, provides and directs how a trial shall proceed, —the successive steps that shall be taken from the beginning to the conclusion of the trial. If the rule-making power conferred by the language contained in §1558 GC comprehends the right and power to adopt the particular rules in question herein, which are unquestionably in clear conflict with the commands and general provisions contained in §§11379 and 11469 GC, then it would require little effort, and there would be equal authority and license therefor, to adopt regulatory rules substantially and materially affecting and changing the order of procedure of civil trial in the interests of economy and expediency. For illustration, advance notice or demand might be required by rule of intention to argue case in the interests of economy of time and expediency.

It is our opinion and judgment that said rules are null and void, to the extent that they are in conflict with the general statutes and laws referred to herein; that the trial court erred in refusing the plaintiff a

jury of twelve as requested, and in submitting the case to a jury of six over the protest of plaintiff.

The case is reversed and remanded for further proceedings according to law, with exceptions.

LEVINE, PJ, and McGILL, J, concur in judgment.