## STREZOFF et v
## FIRST-CENTRAL TRUST CO

Ohio Appeals, 9th Dist, Summit Co

No 2348. Decided July 10, 1933

Amer, Sophrin & Cunningham, Akron, for plaintiffs in error.

Herberich, Weick & Powers, Akron, and Paul H. Taylor, Akron, for defendant in error.

FARR, J, (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By FARR, J.

It becomes readily apparent that the vital issue here is whether or not the Court of Common Pleas had a right to proceed to complete said foreclosure after the adoption of the foregoing rule, promulgated by said court.

It may be noted that the decree of confirmation of April 6, 1933, recited, among other things, that the court being satisfied of the regularity of the sale, and "for good cause shown," ratified and confirmed said sale after a full discussion of the matter.

The purpose and intent of said rule adopted by the Court of Common Pleas of Summit County is to be commended, in that its purpose was to ameliorate the condition of unfortunate debtors during the trying period of the "depression," which has affected all lines of human activity for a considerable length of time. However, it

will be noted that, at the time of the adoption of said rule, judgment had been entered and an order of sale issued in this case. It is further to be noted that such rule, as far as effective, could operate only prospectively and not retrospectively. 7 R.C.L., "Courts," §54, page 1027, where numerous cases are cited to support such principle. Therefore, the court, having legally and regularly acted in entering judgment and directing that an order of sale issue, could not affect the same by the rule adopted subsequent to such orders.

It is further to be noted that the same authority, to-wit, the Court of Common Pleas, which promulgated such rule, itself proceeded to approve the return of the order of sale and direct that a deed be made to the purchaser of the premises. Of interest in this connection is §11668, GC; 42 C.J., "Mortgages," §1778, page 167; 35 C. J., "Judicial Sales," §73, page 52; and cases cited.

Perhaps the determining factor in the instant case is the finding of the Court of Common Pleas that the subsequent order was made "for good cause shown." Whether the Court of Common Pleas had authority to adopt such rule, need not now be determined, because it is not essential to a determination of the issues in this cause. In this connection the cases of Stevens v State, 3 Oh St 453, and Van Ingen v Berger, 82 Oh St 255, become of interest. Likewise, Halliday, Admr, v Ry. Co., 13 Abs 570. Therefore it follows that the trial court properly overruled both of said motions.

It is insisted that plaintiff did not have authority to buy said property at sheriff's sale.

This contention cannot avail, for the reason that the plaintiff would have the right to conserve its own interests by such purchase. To hold otherwise would be to run counter to a well-settled principle of law.

It follows, therefore, in view of the foregoing, that the judgment must be affirmed, and it is so ordered.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.